Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5989 | **DATE** | 2/6/2003 |
| **CASE TITLE** | Cady vs. Sheriff Sheahan et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Michael Sheahan's motion to dismiss is granted in part and denied in part. See attached for details. ENTER MEMORANDUM OPINION.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| KM | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVY CADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 5989 |
| ) | |
| MICHAEL SHEAHAN et al., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
FEB 0 7 2003

## MEMORANDUM OPINION

Before the court is defendant Michael Sheahan's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this pro se § 1983 civil rights action against Cook County Sheriff Michael Sheahan and several sheriff's officers, William Barbat, William Margalus, William Jacoby, Gonzalo Lucio, James Malinowski, Thomas Fitzgerald, unknown officers, and "sheriff's counsel" Paul O'Grady. The first amended complaint alleges the following facts, which we take as true for purposes of this motion.

Plaintiff worked as a private process server. On August 22, 2001, he was walking around the parking lot at the Cook County Courthouse in Bridgeview, Illinois, waiting for a particular



sheriff's deputy to arrive at the courthouse so that he could serve her with a summons. He was suddenly surrounded by a dozen uniformed sheriff's officers, some of them on foot, others exiting squad cars. They asked what plaintiff was doing.

Plaintiff told the officers that he was waiting for a deputy in order to serve her with process. The officers did not ask to see the process papers, but did ask plaintiff for identification. Plaintiff said he did not have identification with him. The officers asked plaintiff for his name, address, age, and where his car was. He did not respond because the officers would not tell him "whether the demanded information would ever be used against him in an eventual criminal prosecution." (First Amended Complaint, ¶ 22.)

Defendant Lucio repeatedly told plaintiff that all adults in Illinois are required by state statute to carry identification at all times and said that plaintiff, as a process server, should "obey the law." Plaintiff denied the existence of such a statute and requested its name and legal citation. Defendant Barbat told plaintiff that there is a Supreme Court ruling requiring process servers, especially, to carry identification and produce it upon demand. Plaintiff denied the existence of such a ruling and requested its name and legal citation. Plaintiff showed Barbat a copy of the Federal Rules of Civil Procedure, and the two argued

about the provisions of Rule 4, which deals with service of process.

Plaintiff continued to argue with the officers about whether he was required to produce identification or identify himself to them. Barbat insisted that plaintiff provide some information so that the officers could check plaintiff's name on the squad car's computer. Defendant Margalus threatened to arrest plaintiff for obstructing a peace officer. Plaintiff responded that "remaining silent in the face of police questioning-especially in the absence of probable cause or articulable reasonable suspicion that someone has committed or is about to commit a crime-is hardly illegal and that if [he] were arrested under such conditions, it would subject the arresting officers to liability for false arrest in addition to the already incurred liability for false imprisonment." (Id., ¶ 36.) Margalus dared plaintiff to sue him, and then said "Arrest his ass!" Defendant Jacoby patted down plaintiff, took out his handcuffs, and instructed plaintiff to put his hands behind his back.

Another officer took plaintiff's briefcase, and Barbat physically restrained plaintiff from retrieving it. Several officers dumped the contents of the briefcase onto the hood of a squad car, "rummaged" through them, "picked some of them up, examined them, and joked about them, after which they put the

briefcase into their squad car." (Id., ¶ 42.) The briefcase contained personal information.

Plaintiff then gave the officers his name and date of birth. The officers entered his name into the computer in one of the squad cars. Thereafter, plaintiff's briefcase was returned to him and he was released. The entire incident lasted for about a half-hour. Several of plaintiff's acquaintances who worked at the courthouse observed the incident on their way into the courthouse.

After the incident, plaintiff wrote a letter of complaint to defendant Sheahan. He received a return letter from the office of internal affairs stating that a thorough investigation had been completed and that plaintiff's allegations could not be substantiated. Plaintiff made a phone call and also personally visited the sheriff's office, but was not allowed to speak with any supervisors. Plaintiff wrote another letter to defendant Malinowski and copied it to defendant Fitzgerald. Neither defendant responded, and plaintiff received the same letter he had previously received.

Plaintiff filed this action on August 22, 2002. The first amended complaint alleges the following claims: false imprisonment (Count I); false arrest (Count II); illegal search and seizure (Count III); assault on, and obstruction of, a process server (Count IV); deprivation of plaintiff's right to petition for redress of grievances (Count V); deprivation of unspecified rights

(Count VI); a Monell policy claim (Count VII); the unauthorized practice of law (Count VIII); official misconduct (Count IX); and negligent and intentional infliction of emotional distress (Counts X and XI). Plaintiff seeks compensatory and punitive damages.

Sheriff Sheahan now moves to dismiss the complaint.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The court has a special responsibility to construe a pro se complaint liberally and to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). Accordingly, when reviewing a pro se complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. See Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996).

## A. **Individual-Capacity Claim Against Sheriff Sheahan**

The caption of the first amended complaint indicates that Sheahan is "sued in his official capacity for all claims; he is also sued in his individual capacity with respect to his failure to supervise." Regarding § 1983 individual-capacity suits, the Seventh Circuit has stated:

> The doctrine of *respondeat superior* cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. Our cases acknowledge that to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988) (citations omitted) . . . . In *Jones*, we clarified what we meant by being "personally involved" in conduct by saying that "supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable, because negligence is no longer culpable under § 1983." *Jones*, 856 F.2d at 992. We further indicated in *Jones* that gross negligence is also not enough to impose supervisory liability. Rather, "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." Id. at 992-93 (emphasis added).

Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 477 (7th Cir. 1997) (most citations omitted). The complaint does not allege any facts showing that Sheahan was involved in, directed, knew of and consented to, or acted with reckless indifference to, the incident that is the subject of this action. Therefore, the claims against Sheriff Sheahan in his individual capacity are dismissed.

## B. Monell Claim

Plaintiff's claim in Count VII against Sheriff Sheahan in his official capacity, otherwise known as a <u>Monell</u> claim, is the same as a suit against the Cook County Sheriff's Department. <u>See</u> <u>Sanders v. Sheahan</u>, 198 F.3d 626, 629 (7th Cir. 1999). To state a <u>Monell</u> claim, plaintiff must allege either "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) . . . that the constitutional injury was caused by a person with final policymaking authority." <u>McTigue v. City of Chicago</u>, 60 F.3d 381, 382 (7th Cir. 1995) (internal citations and quotation marks omitted).

Plaintiff makes the second type of <u>Monell</u> claim, the existence of widespread, permanent practices that constitute customs or policies of the Sheriff. He alleges that the Sheriff had customs of failing to supervise, train, and discipline officers. These are sufficient allegations to withstand a motion to dismiss. <u>See</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993) (rejecting a heightened pleading standard for constitutional claims against municipalities); <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 323-25 (7th Cir. 2000) (same). While the allegations against the Sheriff come close to

the level of "boilerplate vagueness," see Lanigan, 110 F.3d at 480, Leatherman does not require more from plaintiff at this point.

## C. Other Claims

Although the counts discussed infra are not contemplated by Sheriff Sheahan's motion, it is evident that plaintiff has failed to state claims upon which we could grant relief; thus, they are dismissed sua sponte.

### 1. Count IV

In Count IV, plaintiff asserts a claim for the violation of 18 U.S.C. § 1501, which is a federal criminal statute prohibiting obstruction of or assault on a process server. The statute creates criminal liability, not a private right of action. Therefore, Count IV is dismissed.

Because Count IV is the only count alleging a claim against defendant Paul O'Grady, Mr. O'Grady is dismissed from this action.

### 2. Count V

Plaintiff alleges in Count V that defendants deprived him of his First Amendment right to petition for the redress of grievances. This claim is apparently based upon plaintiff's allegations that his letters to the Sheriff's office complaining about the incident were not answered in a way that satisfied plaintiff. It is also based upon plaintiff's inability to make an appointment "to see the various Sheriff's subordinates who were

brushing him off, and to meet with them in the company of Plaintiff's own associates." (Complaint, ¶ 104.)

Regarding the letters, it is clear that plaintiff *was* able to exercise his right to petition the Sheriff's office for redress of grievances, without interference. Plaintiff did not like the answers he received, but that does not mean that there was a violation of his right to petition. See Canfora v. Olds, 562 F.2d 363, 364 (6th Cir. 1977) ("[N]either in the First Amendment nor elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success.").

Similarly, plaintiff cannot state a First Amendment claim based on his inability to meet personally with anyone at the Sheriff's office. We know of no case interpreting the Petition Clause as creating an individual's right to a private, face-to-face meeting with a local public official. Such an interpretation would be absurd. See Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 282 (1984) (rejecting Petition Clause challenge to state statute requiring public employers to respond to union representatives, but not to individual employees) (holding that employees had no "right to force officers of the state acting in an official policymaking capacity to listen to them in a particular formal setting"); see also San Filippo v. Bongiovanni, 30 F.3d 424, 437 (3d Cir. 1994) ("[T]he petition clause does not

require the government to respond to every communication that the communicator may denominate a petition."). Accordingly, Count V of the complaint is dismissed.

Plaintiff sues defendants James Malinowski and Thomas Fitzgerald in their individual capacities only. As explained supra, to state a claim for individual capacity liability under § 1983, plaintiff must allege that Malinowski and Fitzgerald personally participated in, knew and approved of constitutional violations. See Antonelli, 81 F.3d at 1428-29. The only conduct alleged on the part of Malinowski and Fitzgerald is a failure to respond to plaintiff's letters, which fails to state a claim for violation of the Petition Clause, as set forth supra. Accordingly, Malinowski and Fitzgerald are dismissed from this action.

### 3. Count VI

In Count VI, plaintiff seeks a remedy for the deprivation of unspecified rights and privileges purportedly secured to him by the Ninth Amendment. The Seventh Circuit has stated: "The Ninth Amendment is a rule of interpretation rather than a source of rights. Its purpose is to make clear that the enumeration of specific rights in the Bill of Rights is not intended (by the interpretive principle expressio unius est exclusio alterius) to deny the existence of unenumerated rights." Froehlich v. Wisconsin, Dep't of Corrections, 196 F.3d 800, 801 (7th Cir. 1999) (citations omitted).

Plaintiff's claim is based solely on the Ninth Amendment, which does not provide an independent source of rights. Accordingly, Count VI must be dismissed.

#### 4. **Count VIII**

Count VIII purports to be a state-law claim pursuant to 705 ILCS 205/1 for the unauthorized practice of law. Plaintiff alleges that defendants practiced law by telling him "that certain laws existed when they do not exist and interpret[ing] said non-existent 'laws' by making legal determinations." (Complaint, ¶ 127.) Illinois courts do not recognize a cause of action for the unauthorized practice of law unless a plaintiff alleges that defendants either had represented themselves as attorneys, or negligently provided services, and thereby caused damages. See Michalowski v. Flagstar Bank, FSB, No. 01 C 6095, 2002 WL 113905, at *8 (N.D. Ill. Jan. 25, 2002) (citing Torres v. Fiol, 441 N.E.2d 1300, 1301 (Ill. App. Ct. 1982) and Rathke v. Lidisky, 375 N.E.2d 871, 872-73 (Ill. App. Ct. 1978)). Plaintiff's allegations do not fit this framework; therefore, Count IV is dismissed.

#### 5. **Count IX**

Count IX asserts a state-law claim for "official misconduct" pursuant to 720 ILCS 5/33-3. The statute imposes a criminal penalty for official misconduct, but it does not create a right for private parties to bring a civil suit pursuant to it. Therefore, Count IX is dismissed.

D.  **Relief Requested**

In the section of the first amended complaint titled "Relief Requested," plaintiff requests "[l]eave to amend the complaint . . . once discovery is completed, and [d]efendants have raised objection according to Fed. R. Civ. P. 12(b)(6)." (Complaint, ¶ 159.) That request is denied at this point. If plaintiff wishes to amend the complaint at some future time, he may file a written motion for leave to amend the complaint which describes the proposed amendments.

Another form of "relief" requested by plaintiff is "[p]laintiff's cost of the suit including a reasonable hourly rate for Plaintiff's pro-se work in this case, as determined by a jury." (Id., ¶ 164.) That request is stricken from the complaint. Pro se litigants representing themselves in civil rights actions, even if successful, are not entitled to recover attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 435 (1991).

## CONCLUSION

The Sheriff's motion to dismiss the complaint is granted in part and denied in part. The claims against the Sheriff in his individual capacity are dismissed with prejudice. The motion is denied as to the Monell claim against the Sheriff in his official capacity.

Counts IV, V, VI, VIII, and IX of the complaint are dismissed with prejudice sua sponte. Defendants Paul O'Grady, James Malinowski, and Thomas Fitzgerald are dismissed from this action. Paragraph 164 is stricken from the complaint.

DATE:    February 5, 2003

ENTER:   _____
         John F. Grady, United States District Judge